UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON SERRANO,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-1684-T-23AEP

GRIFFIN PARKING
AREA MAINTENANCE, INC.,

    Defendant.
_____/

**ORDER**

Nelson Serrano sues (Doc. 1) Griffin Parking Area Maintenance under the FLSA. According to the complaint, Serrano cleaned parking lots in Tampa between July 2015 and February 2017 and sometimes worked more than forty hours per week, but Griffin failed to pay overtime. Griffin moves (Doc. 11) to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, and argues that the complaint contains insufficient facts to show that the FLSA covers Serrano's employment.[*]

**DISCUSSION**

To succeed on an FLSA claim, a plaintiff must establish the applicability of either "individual" or "enterprise" coverage. *Thorne v. All Restoration Serv., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006). Under 29 U.S.C. § 207, individual

---

[*] After the motion to dismiss, the defendant answered the complaint. In accord with Rule 12(h)(2)(A), the answer alleges that the complaint fails to state a claim because the plaintiff pleads insufficient facts to establish the FLSA's applicability. (Doc. 15 at ¶¶ 1, 4–15)

coverage applies only if the plaintiff "engaged in commerce" or in "the production of goods for commerce." Under 29 U.S.C. § 203(s)(1), enterprise coverage applies only if a company's annual revenue exceeds $500,000. Also, the company must employ people (1) who "engage[] in commerce," (2) who "produc[e] goods for commerce," or (3) who "handl[e], sell[], or otherwise work[] on goods that have been moved in or produced for commerce." Under 29 U.S.C. § 203(b), "commerce" means trade "among the several States or between any State and any place outside thereof."

A plaintiff must allege facts sufficient to show a plausible "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that a claim supported by a conclusory allegation rather than a well-pleaded fact violates Rule 8(a)). Griffin correctly argues that the well-pleaded factual allegations fail to establish either individual or enterprise coverage under the FLSA. Serrano alleges that he cleaned parking lots in Tampa for Griffin, which "operates . . . in Hillsborough County." (Doc. 1 at ¶¶ 5 and 15) Several conclusory paragraphs (Doc. 1 at ¶¶ 9 and 12–13) parrot the text of the FLSA, but no well-pleaded facts show or permit inferring either Serrano's or Griffin's engaging in trade outside Florida. Because the well-pleaded factual allegations fail to establish the applicability of the FLSA, Serrano's FLSA claim cannot succeed.

## CONCLUSION

The motion (Doc. 11) to dismiss is **GRANTED**, and the complaint is **DISMISSED**. No later than **OCTOBER 19, 2017**, Serrano may amend the

- 3 -

complaint to allege facts sufficient to establish the FLSA's applicability.  The failure to timely amend the complaint will result in the dismissal of this action without further notice.

    ORDERED in Tampa, Florida, on October 4, 2017.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE